IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-91-BO

| | | |
|---|---|---|
| KELVIN DAISE JR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| YOUNG MENS CHRISTIAN | ) | |
| ASSOCIATION, YMCA OF | ) | |
| SOUTHEASTERN NORTH CAROLINA, | ) | |
| NIR FAMILY YMCA, | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss for lack of personal jurisdiction [DE 22]. Plaintiff did not respond and the motion is ripe for adjudication. For the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff is an African American man with intellectual disabilities who suffers from post-traumatic stress syndrome and bipolar disorder. Plaintiff states that he is a member of the national Young Men's Christian Organization. Plaintiff has been hospitalized at various times for mental outbursts, dehydration and starvation, and for a cardiovascular emergency. He states that his treating physicians recommended that he do regular exercise to help ease his depression and to help improve his health. Plaintiff went to the Wilmington, North Carolina YMCA (called the Nir Family YMCA) on May 11, 2021 and was allegedly refused entry despite being a national member. Plaintiff states that he was "forced to cancel his national membership," Amended Complaint at pp. 4, and that the Wilmington YMCA ultimately denied his membership application "because of YMCA's awareness of his race, color, and knowledge of his disability." *Id.* Plaintiff alleges that

this was a discriminatory violation of 42 U.S.C. § 12101, the Americans with Disabilities Act (ADA).

Plaintiff filed a motion to proceed *in forma pauperis* on May 17, 2021. The motion was granted and plaintiff was repeatedly ordered to correct various deficiencies in his case. Plaintiff filed an Amended Complaint on July 13, 2021. Plaintiff filed "Summons Issued" as to the Nir Family defendant and the YMCA of Southeastern North Carolina defendant on July 19, 2021. On or around July 20, plaintiff hand delivered an envelope to the front desk of the Wilmington YCMA addressed to the Branch Manager. The envelope contained the Summons, but no Amended Complaint. Defendants filed the instant motion to dismiss, arguing that the Court lacked personal jurisdiction because plaintiff had failed to properly serve any of the three defendants.

## DISCUSSION

Defendants have moved under Rule 12(b)(2) of the Federal Rules of Civil Procedure, which authorizes dismissal for lack of personal jurisdiction. Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days of the filing of the complaint, the Court on motion or on its own after providing notice to the

plaintiff "must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, if the plaintiff can show good cause for the failure, "the court must extend the time for service for an appropriate period." *Id.* "Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs. Put conversely, good cause generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019).

Federal Rule of Civil Procedure Rule 4(c) requires someone, who is not a party, to serve a defendant with a copy of the complaint. FED. R. CIV. P. 4(c)(1)-(2). "Serving a summons or complaint alone is insufficient, and may serve as grounds for dismissal." *Gulley v. Rex Hosp.*, Inc., 2014 WL 4537185, at *1 (E.D.N.C. 2014) (citing *Cherry v. Spence*, 249 F.R.D. 226, 229 (E.D.N.C. 2008)). "When a plaintiff is proceeding in forma pauperis, the district court must order the USMS [United States Marshall Service] to effect service." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016); *see* FED. R. CIV. P. 4(c)(3).

At the outset, the Court in its discretion declines to hold an evidentiary hearing. The Court will resolve the motion on the basis of the briefing and the affidavits submitted by the parties, and thus plaintiff must make a *prima facie* showing. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). "However, a threshold *prima facie* finding that personal jurisdiction is proper does not finally settle the issue; plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing." *New Wellington Fin. Corp*, 416 F.3d at 294 n.5 (4th Cir. 2005) (quoting *Production Group Int'l v. Goldman,* 337 F.Supp.2d 788, 793 n.2 (E.D.Va. 2004) (internal quotation and alteration omitted).

Plaintiff in this case has been given permission to proceed *in forma pauperis* and has attempted to personally serve all defendants by hand-delivering a copy of summons for the Nir Family YMCA and the YMCA of Southeastern North Carolina to the Wilmington YMCA. More than 90 days after plaintiff filed his Amended Complaint on July 13, 2021, plaintiff has not served the national YMCA organization, nor served the other defendants with copies of the Amended Complaint. The Nir Family YMCA is a nickname for a building belonging to the YMCA of Southeastern North Carolina, which is a totally separate legal entity from the national YMCA, based in Chicago, Illinois. Plaintiff did not respond to the motion do dismiss and does not assert that personal jurisdiction in proper in his Amended Complaint, thus no good cause has been shown for the failure to serve. Accordingly, service has not been properly executed for any of the three defendants.

Despite not having been served, defendants filed a notice of appearance and the instant motion, which states that defendants are, in fact, aware of the Amended Complaint. Although defendants may have actual notice of the suit, the Court finds that personal jurisdiction has not been sufficiently alleged and the Federal Rules of Civil Procedure have not been followed. "Although courts should liberally construe the requirements of the Federal Rules of Civil Procedure if a defendant has actual notice of a suit against it, 'plain requirements for the means of effecting service of process may not be ignored.'" *Jones v. Se. Reg'l Med. Ctr.*, 2019 WL 97036, at *3 (E.D.N.C. 2019) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)). "'[A]ctual notice,' however, is not the controlling standard." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016) (brackets in original). Defendants have not waived service or personal jurisdiction by filing a notice of appearance.

4

"Filing a notice of appearance does not, on its own, cause a defendant to waive her personal jurisdiction defense" *Blessing v. Chandrasekhar*, 988 F.3d 889, 894 (6th Cir. 2021).

Accordingly, plaintiff has not established personal jurisdiction over any of the defendants. Defendants' motion to dismiss is granted.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 22] is GRANTED.

SO ORDERED, this __14__ day of April, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE